



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
POLAR AIR CARGO, INC. and POLAR
AIR CARGO WORLDWIDE, INC.,

                      Plaintiff,

Case No.

- against -

TGT TRANSPORTATION, INC., POWER
LOGISTICS, INC., POWER LOGISTICS
OF NORTH CAROLINA, INC. and BAH
EXPRESS, INC.,

                      Defendant.
------------------------------------------------------------X

## COMPLAINT

Plaintiff Polar Air Cargo, Inc. and Polar Air Cargo Worldwide, Inc. (collectively referred to as "Polar Air"), by its attorneys, Clyde & Co US LLP, as and for its Complaint against the defendants: TGT Transportation Inc. ("TGT Transport"), Power Logistics, Inc. ("Power Logistics"), Power Logistics of North Carolina, Inc. ("Power Logistics of North Carolina") and BAH Express, Inc. ("BAH Express"), alleges as follows:

### THE PARTIES

1.    Polar Air is a foreign corporation organized and existing under the laws of Delaware with its principal place of business at 2000 Westchester Avenue, Purchase, New York 10577.

2.    Upon information and belief, TGT Transport is a domestic corporation with its principal place of business at 145 Hook Creek Boulevard, Building B6D, Valley Stream, New York 11581 and transacts business in and has regular and systematic contacts with the state of New York.

3. Upon information and belief, Power Logistics is a foreign corporation organized and existing under the laws of Ohio with its principal place of business at 10 South Spring Street, Springfield, Ohio 45502 and transacts business in and has regular and systematic contacts with the State of New York.

4. Upon information and belief, Power Logistics of North Carolina is a foreign corporation organized and existing under the laws of Ohio with its principal place of business at 1101 Broad Street, Unit #4, Oriental North Carolina 28571 and transacts business in and has regular and systematic contacts with the State of New York.

5. Upon information and belief, BAH Express is a foreign corporation organized and existing under the laws of Georgia with its principal place of business at 4424 Thurman Road, Conley, Georgia 30288 and transacts business in and has regular and systematic contacts with the State of New York.

## JURISDICTION AND VENUE

6. Polar Air seeks recovery of $118,940 plus interest for damage to a shipment of goods transported by truck by defendants from Washington Dulles International Airport to Raleigh, Durham (hereinafter collectively referred to as the "Incident").

7. Jurisdiction in this Court exists pursuant to 28 U.S.C. § 1331, in that plaintiff's claims are grounded in federal law and/or 28 U.S.C. §1337(a), in that plaintiff's claims arise under an act of Congress regulating commerce and the amount in controversy is greater than $10,000, and/or 28 U.S.C. §1367, in that the Court has supplemental jurisdiction over plaintiff's state law claims.

8.  Venue in this Court exists pursuant to 28 U.S.C. § 1391 in that the defendants reside in this judicial district pursuant to 28 U.S.C. §1391(c), and a substantial part of the events giving rise to this claim occurred in this judicial district.

## UNDERLYING FACTS

9.  Polar Air Cargo was contracted to transport two shipments of pharmaceuticals from Paris, France to Raleigh, North Carolina pursuant to Polar Air air waybill no. 403-6617-3192 dated March 6, 2008 and Polar Air air waybill no. 403-6617-3181 dated March 6, 2008 (the "Shipments").

10. Polar Air transported the Shipments by air from Paris, France to Atlanta, Georgia in good order and condition.

11. Polar Air entered into an agreement with TGT Transport pursuant to which TGT Transport was required to transport the Shipments by truck from Atlanta, Georgia to Raleigh, North Carolina.

12. The terms of the agreement between Polar Air and TGT Transport are set forth in Trucking Services Agreement made as of January 1, 2007 between Polar Air and TGT Transport (the "Trucking Services Agreement").

13. TGT Transport hired defendant Power Logistics and/or Power Logistics of North Carolina to perform the transportation to Raleigh, and Power Logistics and/or Power Logistics of North Carolina hired BAH Express, who actually transported the Shipments by truck from Atlanta, Georgia to Raleigh, North Carolina.

14. Polar Air gave the Shipments to defendants in good order and condition in Atlanta, Georgia for transportation to Raleigh, North Carolina.

3

15. The Shipments did not arrive at its destination of Raleigh, North Carolina in like good order and condition as when it was shipped, delivered to and received by the defendants, but rather, was damaged while in the defendants' possession and control, in violation of the defendants' obligations and duties.

16. Defendants acted, negligently, recklessly and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard for the safekeeping of the Shipments, because they or their agents knowingly or recklessly permitted the Shipments to be damaged.

17. A claim for damage to the Shipments was asserted against Polar Air (the "Underlying Claim"), for which Polar Air may be held legally liable.

18. Polar Air's liability for the Underlying Claim, if any, is based solely on the negligent, reckless and/or willful acts of defendants and/or their failure to fulfill their obligations under the law as set forth herein.

19. By reason of the foregoing, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in excess of $118,940.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Polar Air incorporates by reference the allegations set forth in paragraphs 1 through 19 of this Complaint as if set forth herein in full.

21. By reason of the foregoing, defendants breached their contracts under federal common law, and breached their duties under federal common law. Defendants' conduct in damaging the Shipments also constitutes a material deviation of their contractual obligations.

22. By reason of the foregoing, defendants have caused damage to Polar Air and the others on whose behalf Polar Air sues, as nearly as can be estimated at this time, in excess of $118,940.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

23. Polar Air incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as if set forth herein in full.

24. Defendants were acting as bailees of the Shipments at the time they were damaged. The defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and delivery the said Shipments in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner.

25. Defendants breached their bailment obligations and negligently failed to deliver to Polar Air, or its designees, the Shipments.

26. By reason of the foregoing, defendants have caused damage to Polar Air and the others on whose behalf Polar Air sues, as nearly as can be estimated at this time, in excess of $118,940.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Negligence)

27. Polar Air incorporates by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as if set forth herein in full.

28. Defendants, by their negligence, damaged the Shipments. The defendants therefore negligently failed to deliver the Shipments to Polar Air, or its designee, in as good condition as when they were entrusted with them.

29. By reason of the foregoing, defendants have caused damage to Polar Air and the others on whose behalf Polar Air sues, as nearly as can be estimated at this time, in excess of $118,940.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Duties under Carmack Amendment)

30. Polar Air incorporates by reference the allegations set forth in paragraphs 1 through 29 of this Complaint as if set forth herein in full.

31. The defendants were common carriers of merchandise within the meaning of the Carmack Amendment, 49 U.S.C. §14706, and breached their duties as commons carries under that law and the contracts for carriage.

32. By reason of the foregoing, defendants have caused damage to Polar Air and the others on whose behalf Polar Air sues, as nearly as can be estimated at this time, in excess of $118,940.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Damage to Cargo under Montreal Convention)

33. Polar Air incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if set forth herein in full.

34. The defendants received the Shipments in good order and condition but failed to deliver the Shipments to Polar Air, or its designee, in as good condition as when they were entrusted with them, in violation of their duties under the Montreal Convention.

35. Polar Air has performed all conditions precedent it is required to perform.

36. By reason of the foregoing, defendants have caused damage to Polar Air and the others on whose behalf Polar Air sues, as nearly as can be estimated at this time, in excess of $118,940.

WHEREAS, Polar Air prays for damages against defendants as follows:

1. An amount in excess of $118,940 plus interest;

2. Reasonable attorneys' fees, costs and expenses incurred in pursuing this action; and

3. Such other and further relief as this Court may deem proper, appropriate and just.

Dated: New York, New York
March 10, 2010

CLYDE & CO US LLP

By _____
Andrew J. Harakas
Barry S. Alexander
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Plaintiff
Polar Air Cargo, Inc. and
Polar Air Cargo Worldwide, Inc.

To: TGT Transportation, Inc.
836 Venetian Boulevard
Lindenhurst, New York 11757

TGT Transportation, Inc.
145 Hook Creek Boulevard, Building B6D
Valley Stream, New York 11581

Power Logistics, Inc
10 South Spring Street
Springfield, Ohio 45502

Power Logistics of North Carolina, Inc.
1101 Broad Street, Unit #4
Oriental North Carolina 28571

BAH Express, Inc.
4424 Thurman Road
Conley, Georgia 30288